```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

```
CHIQUITTA CLEMONS,              :
                                :
     Plaintiff,                 :
                                :
vs.                             :   CIVIL ACTION 15-00480-KD-B
                                :
UNITED STATES OF AMERICA,       :
                                :
     Defendant.                 :
```

**REPORT AND RECOMMENDATION**

Plaintiff Chiquitta Clemons, who is proceeding pro se, filed a self-styled complaint and a motion to proceed without prepayment of fees. (Docs. 1, 2). Clemons' motion was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S). After careful consideration of Clemons' complaint and motion, the undersigned Magistrate Judge recommends that this action be dismissed without prejudice for lack of subject matter jurisdiction, and that Clemons' motion be denied as moot.

**A. Applicable Law**

Because Clemons is seeking to proceed without prepayment of fees, 28 U.S.C. § 1915(e)(2)(B)[1] requires the Court to consider

---

[1] Section 1915(e)(2)(B) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

whether her complaint is frivolous, malicious, fails to state claim on which relief may be granted, or seeks monetary relief against a defense who is immune from such relief. <u>Troville v. Venz</u>, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying to non-prisoner actions § 1915(e), which requires the dismissal of actions that are frivolous or malicious, fail to state a claim, or sue an immune party for damages).  The court is mindful that in evaluating Clemons' complaint, *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are to be liberally construed. <u>Miller v. Donald</u>, 541 F. 3d 1091, 1100 (11th Cir. 2008).

Additionally, because federal courts are courts of limited jurisdiction; the court must inquire into its subject matter jurisdiction, even when a party has not challenged it.  <u>See Univ. of S. Ala. v. Am Tobacco Co</u>., 168 F.3d 405, 410 (11th Cir.

---

    dismiss the case at any time if the court determines that –

        (A) the allegation of poverty is untrue; or

        (B) the action or appeal –

            (i) is frivolous or malicious;

            (ii) fails to state a claim on which relief may be granted; or

            (iii) seeks monetary relief against a defendant who is immune from such relief.

1999). If a complaint's factual allegations do not assure the court it has subject matter jurisdiction, then the court is without power to do anything in the case. See Goodman ex rel. Goodman v. Sipos, 259 F. 3d 1327, 1331, n.6 (11th Cir. 2001) ("A federal court must always dismiss a case upon determining that it lacks subject matter jurisdiction."); see also Belleri v. United States, 712 F.3d 543, 547 (11th Cir. 2013) ("We may not consider the merits of [a] complaint unless and until we are assured of our subject matter jurisdiction.").

A plaintiff must have standing to bring a suit before a court. Wooden v. Bd. of Regents of Univ. Sys. of Ga., 247 F.3d 1262, 1273-74 (11th Cir. 2001). To establish standing, a plaintiff must meet both the constitutional and prudential standing requirements. See Procter & Gamble Co. v. Amway Corp., 242 F. 3d 539, 560 (5th Cir. 2001). Prudential standing explores whether the plaintiff is attempting to assert her own legal rights and interests, or those of a third party. See St. Paul Fire & Marine Ins. Co. v. Labuzan, 579 F.3d 533, 539 (5th Cir. 2009). Indeed, "[t]he standing inquiry "requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted."" Elend v. Basham, 471 F.3d 1199, 1205 (11th Cir. 2006)(quotation omitted). In order to

3

establish that she has standing, a plaintiff must show that: (1) she has suffered an injury in fact; (2) there is a causal connection between the injury and the defendant's conduct; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. Wooden, 247 F.3d at 1273-74. "These three elements are the irreducible minimum required by the Constitution for a plaintiff to proceed in federal court." Id. at 1274 (quotation omitted). And, it is the plaintiff's burden to demonstrate that she has standing to bring a complaint. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992).

**II. Analysis**

Based upon a careful review of Clemons' complaint, it does not appear that this Court has subject matter jurisdiction over this action because Clemons lacks standing to pursue the claims. In the complaint, Clemons indicates that she is seeking to bring this action on behalf of the Green Store, LLC. Although the complaint is not the model of clarity; it appears that Clemons is attempting to challenge a decision by the United States Department of Agriculture, Food and Nutrition Service (hereinafter "USDA") disqualifying the Green Store, LLC from further participation in the Supplemental Nutrition Assistance Program ("SNAP"). While Clemons indicates that she was

operating or doing business under the name of "the Green Store, LLC", as best the court can discern, it was the Green Store, LLC, as opposed to Plaintiff Chiquitta Clemons, that participated in and was terminated from the SNAP program. Thus, that is the entity that has allegedly suffered a legally cognizable injury. See Riggins v. Polk County, 602 Fed. Appx. 765 (11th Cir. 2015)(court affirmed the lower court's dismissal of the plaintiff's action seeking to challenge a municipality's bidding process because the plaintiff lacked standing where it was the corporation rather than the plaintiff that participated in the bidding process and suffered the alleged injury); KMS Rest. Corp., v. Wendy's Int'l, Inc., 361 F.3d 1321, 1324-25 (11th Cir. 2004)(holding that a shareholder lacks standing to maintain an action to redress injuries to a corporation in his own name.); Parks v. Federal Deposit Insurance Corp., 2013 U.S. Dist. LEXIS 44565 (M.D. Fla. Mar. 6, 2013)(plaintiff lacked standing to bring action in her capacity as former owner and officer of corporation because, "with the exception of derivative actions. . . an action to enforce corporate rights or redress injuries to a corporation must be brought in the name of the corporation itself."); Jinho So v. U.S. Dept. of Agric. Food & Nutrition Serv., 2011 U.S. Dist. LEXIS 54684 (N.D. Tx., April 15, 2011)(Where the individual plaintiffs sought to challenge a

5

convenience store's temporary termination from the SNAP program, the court held that the individual plaintiffs lacked standing because the convenience store was operated under the name of a corporation; thus, it was the corporation, as opposed to the individual plaintiffs, who was the aggrieved party).

Accordingly, the undersigned recommends that Clemons' complaint contesting the Green Store, LLC's termination from the SNAP program be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B) for lack of standing. To the extent Clemons can establish standing, by proffering facts that demonstrate that she, as opposed to the Green Store, LLC, suffered a legally cognizable injury, she should file objections to this order, and include an amended complaint. Clemons is cautioned that to the extent she seeks to pursue claims on behalf of the Green Store, LLC., extant case law provides that a corporation must be represented in federal court by a licensed attorney and cannot appear through an officer or shareholder. See Rowland v. California Men's Colony, 506 U.S. 194, 202, 113 S. Ct. 716, 721, 121 L.Ed. 2d 656 (1993); Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985)("Corporations and partnerships, both of which are fictional legal persons, obviously cannot appear for themselves personally. With regard to these two types of business associations, the long standing and consistent court

interpretation of 28 U.S.C. § 1654 is that they must be represented by licensed counsel."); <u>Riggins v. Polk County</u>, 602 Fed. Appx. 765 (11th Cir. 2015)(reaffirming well-established rule that a corporation cannot appear pro se and must be represented by counsel).

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this **30th** day of **October, 2015.**

                                          <u>**/s/ Sonja F. Bivins**</u>
                                          **UNITED STATES MAGISTRATE JUDGE**

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the Magistrate Judge is not specific.